UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANDREW WILLIAM BROWN,

    Plaintiff,

v.

                                      Case Number 09-14537
                                      Honorable Thomas L. Ludington

GOJCAJ FOODS, INC.,

    Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR RE-ENTRY OF DEFAULT, ENTERING A DEFAULT AGAINST DEFENDANT, AND SETTING HEARING FOR DETERMINATION OF THE AMOUNT OF PLAINTIFF'S DAMAGES AND FOR ENTRY OF A DEFAULT JUDGMENT**

On November 19, 2009, Plaintiff Andrew William Brown ("Plaintiff"), a Caucasian male, filed a complaint [Dkt. #1], alleging sexual harassment, racial discrimination, and retaliation claims under Title VII of the Civil Rights Act of 1964 and Michigan's Elliot-Larsen Civil Rights Act. Plaintiff's claims arise out of a series of events during his employment as a server/waiter in Defendant Gojcaj Foods, Inc.'s restaurant, The Willow Tree. More specifically, Plaintiff alleges that he was subjected to unwelcome sexual advances, requests for sexual favors, and other verbal and physical conduct of a sexual nature by Defendant's owner, Anton Gojcaj and Defendant's manager, Mike Bojaj, which created a hostile or offensive working environment. Plaintiff also alleges that he was subjected to a hostile work environment because of race discrimination which included Mr. Gojcaj calling Plaintiff a "nigger," erecting a display of President Barack Obama with a monkey holding a spear, and by stating that an order of ribs that had been prepared must be "for a nigger." Plaintiff made requests to Mr. Gojcaj and Mr. Bojaj to stop the harassing behavior but his request went unfulfilled.

Plaintiff then filed a charge of discrimination with the United States Equal Employment Opportunity Commission on February 27, 2008 and Defendant was served with a copy of Plaintiff's charge shortly thereafter. Upon receiving notice of Plaintiff's charge, Plaintiff alleges Defendant began retaliating against him. This included Mr. Gojcaj cutting Plaintiff's work hours, assigning Plaintiff to slower, less desirable shifts, assigning Plaintiff to work in less desirable sections of the restaurant that were known to result in lower tip earnings, increased scrutiny over Plaintiff's work, criticizing Plaintiff when other similarly situation employees were not criticized, and ultimately terminating Plaintiff's employment. Defendant contends that Plaintiff's employment was terminated because he had violated the alcohol and smoking policies of Defendant's restaurant. Plaintiff believes that this reason is mere pretext for his retaliatory termination.

Defendant was served with process [Dkt. #4] on February 5, 2010, and its answer was due by February 26, 2010. No answer was filed, and Plaintiff procured a clerk's entry of default against Defendant on March 1, 2010 [Dkt. #6]. On March 9, 2010, attorney John Decker filed an appearance on behalf of Defendant [Dkt. #7]. On April 23, 2010, Defendant filed a motion to set aside default [Dkt. #8].

Magistrate Judge Charles E. Binder granted Defendant's motion to set aside default on June 28, 2010 [Dkt. #15] because Plaintiff had not demonstrated that he had been sufficiently prejudiced by the default. Judge Binder did, however, condition the grant of Defendant's motion on its payment of $3,909.00 in costs and attorneys fees to Plaintiff. Judge Binder advised Defendant that its disregard for its obligation to respond to the default was "negligence bordering on recklessness." [Dkt. #15 at 4]. Defendant then filed an answer on July 19, 2010 [Dkt. #16].

On January 5, 2011, Plaintiff served Defendant with interrogatories and requests to produce.

Under Federal Rules of Civil Procedure 33 and 34, Defendants's responses to these discovery requests were due on February 4, 2011. Defendant did not provide any discovery responses by this date.

On February 8, 2011, the Court held a settlement conference in the instant case, where Plaintiff's counsel notified counsel for Defendant that its discovery responses were overdue and needed to be provided. As of March 1, 2011, Plaintiff's counsel apparently had not received the discovery responses and sent an email to counsel for Defendant again requesting that the responses be provided. No responses were forthcoming.

Now before the Court is Plaintiff's motion for re-entry of default [Dkt. #23], which was filed on March 17, 2011. As of the date of Plaintiff's motion, the requested discovery responses had not been received. The discovery deadline in this case was set for March 31, 2011. Plaintiff contends that Defendant's conduct surrounding the entry of default and disregard for discovery deadlines supports Plaintiff's request for re-entry of default and default judgment as a sanction under Federal Rule of Civil Procedure 37. Defendant filed a response on April 7, 2011 which did not address the arguments in Plaintiff's motion but merely requested that the Court deny Plaintiff's motion and included the requested discovery responses as exhibits to the response. Plaintiff filed a reply on April 11, 2011 [Dkt. #26], informing the Court that this was the first time Defendant had provided the discovery responses.

The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. E.D. Mich. LR 7.1(e)(2). For the reasons provided hereafter, Plaintiff's motion

for re-entry of a default and a default judgment will be granted.

**I**

A plaintiff is entitled to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." *Varga v. Rockwell Int'l Corp.*, 242 F.3d 693, 697 (6th Cir. 2001). "The rules are broad, and litigants are required to comply with all properly propounded [discovery] requests." *Id.* "A party resisting discovery is swimming against a strong upstream policy current where the policy underlying the discovery rules encourages more rather than less discovery, and discourages obstructionist tactics." *Powerhouse Marks, LLC v. Chi Hsin Impex, Inc.*, No. Civ.A.04CV73923DT, 2006 WL 83477, at *2 (E.D. Mich. Jan. 12, 2006) (Majzoub, Magistrate J.)

Pursuant to Rules 37(d)(1)(A)(ii) and 37(d)(3), parties who do not furnish discovery responses are subject to the sanctions set forth in Rule 37(b)(2)(A)(i)-(vi). These sanctions include the prohibition against supporting the proffered defenses (Rule 37(b)(2)(A)(ii)); striking of pleadings (Rule 37(b)(2)(A)(iii)); or rendering a default judgment against the defendant (Rule 37(b)(2)(A)(vi)). The entry of an order, and subsequent violation of the order, is not required prior to the imposition of any of the discovery sanctions provided for under Rule 37(d). *United States v. Reyes*, 307 F.3d 451, 457 (6th Cir. 2002); *see also Black Horse Lane Assoc. v. Dow Chem. Corp.*, 228 F.3d 275 (3d Cir. 2000). In addition, the payment of costs and attorney fees incurred by the moving party generally must be awarded. Fed. R. Civ. P. 37(d)(3).

The entry of a default or default judgment is an appropriate remedy for a failure to provide discovery if the Court concludes that the defendant's failure to cooperate in discovery was "willful, in bad faith, or due to its own fault." *Beil v. Lakewood Engineering & Mfg. Co.*, 15 F.3d 546, 552

(6th Cir. 1994). When considering whether a default judgment is an appropriate remedy, the Court must consider (1) whether the defendant's failure is due to willfulness, bad faith or fault; (2) whether plaintiff has been prejudiced by defendant's misconduct; (3) whether the defendant was warned that failure to cooperate could lead to a default; and (4) whether any less sanction is more appropriate. *Reyes*, 307 F.3d at 458. While "no one factor is dispositive, [default judgment] is proper if the record demonstrates delay or contumacious conduct." *Id.* Defendant has the burden of showing that his failure to comply was due to inability, not willfulness or bad faith. *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir.1988). If a party fails to respond to an argument raised in a motion the court can assume that opposition to the motion is waived and the motion may be granted. *Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008)

**A**

Plaintiff contends that each of these factors militates in favor of the re-entry of default against Defendant. First, Plaintiff contends that Defendant's failure to cooperate in discovery was due to willfulness, bad faith, or fault, which is evidences by his failure to provide discovery responses over an extended period of time. Defendant was obligated to provide responses to Plaintiff's discovery requests within 30 days of service of the requests. Fed. R. Civ. P. 33(b)(2), 34(b)(2). Defendant's discovery responses were due February 4, 2011. Defendant did not provide the responses despite multiple requests and did not ultimately provide the responses until a week after discovery had closed. Defendant also did not offer an explanation as to why the responses were not timely provided. Plaintiff contends that Defendant's conduct violated Rules 33 and 34 over an extended period of time and the requested sanction is appropriate, especially given Defendant's history in the instant case of not acting in a timely fashion regarding both its answer and its motion

to set aside the default.

Despite Plaintiff making multiple requests, Defendant did not provide the discovery responses until April 7, 2011–nearly two months after the responses were due and a week after discovery in the case had closed. Defendant has not proffered anything to overcome its burden of showing that its inability to comply with discovery requests was not due to willfulness and bad faith. It is presumed that dismissal is not an abuse of the Court's discretion if the party has the ability to comply with a discovery order but does not. *Reyes*, 307 F.3d at 458. This factor weighs in favor of re-entry of a default.

**B**

Plaintiff submits that Defendant's refusal to provide discovery has not only denied plaintiff an opportunity to learn the basis for any of the defendant's defenses, but has likewise denied Plaintiff the opportunity to learn which witnesses need to be deposed, and the opportunity to thereafter depose those witnesses. As of the date of Plaintiff's motion, only two weeks remained before the close of discovery and Defendant did not provide the responses until after the close of discovery. Plaintiff contends that Defendant has prevented him from being able to obtain the necessary, and rightful, discovery and thus prevented him from being able to properly prepare for trial.

Defendant's delay has indeed prejudiced Plaintiff's ability to obtain and timely investigate any defenses or witness testimony that may be relevant at trial. Extending discovery to remedy Plaintiff's prejudice is likely not a viable alternative in the instant case, as Defendant has demonstrated no interest in the deadlines imposed both by the Court and by the Federal Rules of Civil Procedure. This factor also weighs in favor of re-entry of default as a discovery sanction.

## C

Plaintiff emphasizes that Defendant, which is represented by counsel, is at a minimum charged with knowledge of the fact that Rule 37 specifically provides for dismissal as a discovery sanction. *Roney v. Starwood Hotels*, 236 F.R.D. 346, 349 (E.D. Mich. 2006). Defendant was also cautioned about its pattern of not adhering to Court and federal rule-imposed deadlines and that such conduct was unacceptable. Although Defendant was not specifically given prior notice, Judge Binder's order and opinion granting its motion to set aside default provided some notice that Defendant's behavior was borderlining on intolerable to the opposing party and the Court. The fact that Plaintiff cannot undoubtedly satisfy this element is not dispositive, as the record in the instant case demonstrates delay justifying re-entry of default. *Reyes*, 307 F.3d at 458.

## D

Plaintiff contends that Defendant's refusal to provide discovery over an extended period of time has prejudiced him greatly; he is without access to critical evidence as well as the basis for Defendant's defenses, he has been denied the opportunity to rebut Defendant's factual or legal defenses, and, now that discovery has closed, he is without recourse for obtaining the necessary factual information and evidence. Plaintiff believes that affording Defendant with yet another opportunity to remedy its response obligations would be futile and would ignore the prejudice caused to and costs incurred by Plaintiff. Indeed, the sanctions already imposed of $3,900.00 was insufficient to impress the importance of timeliness. Plaintiff also suggests that imposition of a lesser sanction would not be an adequate remedy for Defendant's improper conduct. It is not an abuse of discretion to dismiss a case, "even though other sanctions might be workable, if dismissal is supported on the facts," and the Court is not bound to impose a lesser sanction just because it is

available. *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir.1994).

Plaintiff is correct that Defendant has demonstrated that a lesser sanction would not be appropriate in the instant case. A significant monetary sanction for non-compliance with the procedural rules has already been imposed, and Defendant has continued to disregard both the deadlines imposed by the federal rules as well as by the Court. Defendant's response to Plaintiff's motion finally provided the requested discovery responses, but the responses were over a month past the deadline imposed by the federal rules and a week past the Court-imposed discovery cutoff. Defendant provided its responses without explanation and did not otherwise respond to Plaintiff's motion for re-entry of default, further demonstrating that Defendant does not appreciate the gravity of its conduct. Although re-entry of default and default judgment is a serious sanction to impose, the record in the instant case supports such a sanction.

## II

Accordingly, it is **ORDERED** that Plaintiff's motion for re-entry of default is **GRANTED IN PART** [Dkt. #23]. Default is entered in Plaintiff's favor against Defendant Gojcaj Foods, Incorporated.

It is further **ORDERED** that an evidentiary hearing is set for **August 15, 2011 at 3:00 p.m.** to determine damages and for entry of judgment. Plaintiff is **DIRECTED** to submit a memorandum on the issue of damages on or before **July 18, 2011**, including legal support for the relief requested.

s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge

Dated: May 20, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 20, 2011.

                                        s/Tracy A. Jacobs
                                        TRACY A. JACOBS