UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANDREW WILLIAM BROWN,

    Plaintiff,

v.

                                                    Case Number 09-14537
                                                    Honorable Thomas L. Ludington

GOJCAJ FOODS, INC.,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR
RECONSIDERATION AND DIRECTING SUPPLEMENTAL BRIEFING**

On November 19, 2009, Plaintiff Andrew William Brown ("Plaintiff"), a Caucasian male, filed a complaint [Dkt. #1], alleging sexual harassment, racial discrimination, and retaliation claims under Title VII of the Civil Rights Act of 1964 and Michigan's Elliot-Larsen Civil Rights Act. Plaintiff's claims arise out of a series of events during his employment as a server/waiter in Defendant Gojcaj Foods, Inc.'s restaurant, The Willow Tree.

Plaintiff later filed a charge of discrimination with the United States Equal Employment Opportunity Commission on February 27, 2008 and Defendant was served with a copy of Plaintiff's charge shortly thereafter. Upon receiving notice of Plaintiff's charge, Plaintiff alleges Defendant began retaliating against him and eventually terminated his employment. Defendant contends that Plaintiff's employment was terminated because he had violated the alcohol and smoking policies of Defendant's restaurant. Plaintiff believes that this reason is mere pretext for his retaliatory termination.

Defendant was served with process [Dkt. #4] on February 5, 2010, and its answer was due by February 26, 2010. No answer was filed. Plaintiff procured a clerk's entry of default against

Defendant on March 1, 2010 [Dkt. #6]. On March 9, 2010, Defendant filed an appearance on behalf of Defendant [Dkt. #7]. On April 23, 2010, Defendant's attorney filed a motion to set aside default [Dkt. #8].

Magistrate Judge Charles E. Binder granted Defendant's motion to set aside default on June 28, 2010 [Dkt. #15] because Plaintiff had not demonstrated that he would be prejudiced by setting aside the entry of default. Judge Binder did, however, condition the relief granted to Defendant on its payment of $3,909.00 in costs and attorneys fees to Plaintiff. Judge Binder advised Defendant that its disregard for its obligation to respond to the default was "negligence bordering on recklessness." [Dkt. #15 at 4]. Defendant filed an answer to Plaintiff's complaint on July 19, 2010 [Dkt. #16].

On January 5, 2011, Plaintiff served Defendant with interrogatories and requests to produce. Under Federal Rules of Civil Procedure 33 and 34, Defendant's responses to the discovery requests were due on February 4, 2011. Defendant did not provide any discovery responses by the date.

On February 8, 2011, the Court held a settlement conference in the instant case, where Plaintiff's counsel notified counsel for Defendant that its discovery responses were overdue and needed to be provided. As of March 1, 2011, Plaintiff's counsel apparently had not received the discovery responses and sent an email to counsel for Defendant again requesting that the responses be provided. No responses were forthcoming.

On March 17, 2011, Plaintiff filed a motion for re-entry of default [Dkt. #23]. As of the date of Plaintiff's motion, the requested discovery responses had not been furnished. Discovery was scheduled to be completed by March 31, 2011. Plaintiff contended that Defendant's conduct surrounding the entry of default and disregard for discovery deadlines justified his request for re-

entry of default and default judgment as a sanction under Federal Rule of Civil Procedure 37. Defendant filed a response on April 7, 2011. The response did not address the reasons advanced by Plaintiff for his request for the re-entry of default and merely requested that the Court deny Plaintiff's motion. Plaintiff's requested discovery responses were attached as exhibits to the response. Plaintiff filed a reply on April 11, 2011 [Dkt. #26], emphasizing that Defendant's response was the first time Defendant had provided the discovery responses.

The Court entered an opinion and order granting in part Plaintiff's motion for re-entry of default on May 20, 2011. A default was entered against Defendant and a hearing for determination of the amount of Plaintiff's damages was scheduled because Defendant had not proffered any evidence or argument to overcome its burden of showing that its inability to comply with discovery requests was not due to willfulness and bad faith. Defendant also had not demonstrated an interest in complying with the deadlines imposed in the case, making an extension of discovery an ineffective remedy. Moreover, Defendant had demonstrated that the earlier sanction for non-compliance with the procedural rules governing the progress of the case had been ineffective in securing Defendant's consideration of those rules. The opinion acknowledged that entering a default was serious, but that Defendant's conduct offered little justification for a lesser remedy.

On June 3, 2011, Defendant filed a motion for reconsideration [Dkt. #28] of the Court's May 20, 2011 order. Defendant contends that reconsideration is proper because Defendant's failure to provide discovery responses was not due to willfulness, bad faith, or fault, that Plaintiff has not been prejudiced by Defendant's failure to respond to the discovery requests, that Defendant was not warned that his misconduct might lead to entry of a default, and that less drastic sanctions could have been imposed but were not. The Court ordered Plaintiff to provide a response to Defendant's

motion on June 10, 2011 [Dkt. #29] and Plaintiff filed a response on June 17, 2011 [Dkt. #30]. For the reasons provided herein, Defendant's motion for reconsideration will be denied.

**I**

Eastern District of Michigan Local Rule 7.1(h) permits any party to move for reconsideration of the Court's conclusions within fourteen days of the entry of the order. E.D. Mich. L.R. 7.1(h)(1). The Court does not permit a responsive pleading or hold hearings on motions for reconsideration. E.D. Mich. L.R. 7.1(h)(2).

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(2). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Scozzari v. City of Clare*, 723 F. Supp. 2d 974, 981–82 (E.D. Mich. 2010) (citation and quotation marks omitted). Furthermore, failure to address an issue constitutes a waiver or abandonment of the argument. *Sault St. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Motions for reconsideration "are aimed at *re* consideration, not initial consideration." *Id.*; *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("We have found issues to be waived when they are raised for the first time in motions for reconsideration.").

**II**

**A**

**1**

Defendant first contends that his failure to provide discovery responses was not due to willfulness, bad faith, or fault. Defendant explains that Plaintiff failed to explain to the Court all of

Defendant's efforts at participating in the case between the date the default was set aside and Plaintiff's later motion for re-entry of default. Moreover, Defendant notes that Plaintiff did not file a motion to compel, but instead waited until the discovery deadline was approaching and requested re-entry of default.

Defendant explains that it initially failed to provide timely responses to the discovery requests because it was in the process of opening a new restaurant in Saginaw, Michigan while operating a restaurant in West Branch, Michigan, resulting in Defendant's principal being extremely busy. Defendant explains that Plaintiff knew he was busy, and did not advise Defendant that Plaintiff not receiving the requested discovery responses posed a problem. Defendant also contends that Plaintiff's interrogatories were poorly drafted, asked questions Plaintiff knew had already been addressed, included repetitive questions, and requested some information that was available to Plaintiff from the unemployment claim procedure. Defendant, although frustrated by a review of the discovery requests, did not object to them. Furthermore, Defendant contends that its delay in providing discovery responses has not prevented Plaintiff from discovering the critical fact witnesses, which is demonstrated in Plaintiff's EEOC Intake Questionnaire. Defendant also submits that the Court would have been presented with this information had a hearing been conducted. Accordingly, Defendant believes that the Court's decision to re-enter the default was based on a palpable defect.

Plaintiff, however, responds that it is the defendant who has the burden of showing that its failure to comply was due to inability, and not wilfulness or bad faith. *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). Plaintiff also contends that Defendant's "I'm too busy" explanation for once again disregarding procedure has been rejected. Indeed, he explains that Defendant has not

explained why another principal could not have participated in discovery in Mr. Gojcaj's place. *See Blumenthal v. Drudge*, 186 F.R.D. 236, 239 (D.D.C. 1999); *Hicks v. Long Island Railroad*, 165 FRD 377, 380 (E.D.N.Y. 1996). Additionally, if Defendant had a valid objection to the requests, then it was obligated to explain any. Fed. R. Civ. P. 33(b)(2) and 34(b)(2). By failing to timely object, the defendant waived any objections it had to plaintiff's discovery requests. *MAS, Inc. v. Nocheck, LLC*, 2011 WL 1135367 (E.D. Mich. 2011); *Drutis v. Rand McNally & Co.*, 236 F.R.D. 325, 337 (E.D. Ky. 2006). Defendant's "frustration" with the substance of the requests is not a valid basis for its refusal to provide answers. *Watkins v. City of South Bend*, 128 F.R.D. 102, 105 (N.D. Ind. 1989).

**2**

Next, Defendant argues that Plaintiff was not completely deprived of necessary information about the case–namely, Defendant's defenses– as a result of Defendant's failure to respond to his discovery requests. Plaintiff instead had access to this information from Defendant's Federal Rule of Civil Procedure 26(a) disclosures that were submitted two months before Plaintiff's discovery requests were served, and Plaintiff had access to his unemployment and EEOC information. Defendant instead suggests that Plaintiff did not demonstrate a sincere interest in engaging in meaningful discovery otherwise he would not have been so "lax" in pursuing it himself. Defendant also suggests that Plaintiff could have filed a motion to compel and a request to extend discovery but chose not to. Defendant submits that, as a result, the reason Plaintiff did not receive Defendant's responses was because Plaintiff was inattentive to the development of the case.

Defendant also believes that Plaintiff has not explained how he was prejudiced or why an extension of the discovery deadline would not have been a sufficient solution. Defendant also contends that it has not been disinterested in the deadlines and this is evidenced by the filings and

disclosures made between the time the original default was set aside and the filing of Plaintiff's motion for re-entry of default. As a result, basing re-entry of default on Defendant's purported pattern of noncooperation is a palpable defect.

In response, Plaintiff notes that parties are not permitted to pick-and-choose which discovery obligations it will comply with. *Estate of Wallace v. City of Los Angeles*, 229 F.R.D. 63 (C.D. Cal. 2005); *In re Kilby*, 196 B.R. 627 (M.D. Fla. 1996). The initial disclosures did not offer any factual claims by Defendant or any insight into Defendant's factual or legal defenses. Defendant's reliance on the EEOC investigation file is similarly unhelpful because it does not provide any information on Defendant's factual or legal defenses that might be asserted in the instant case. Moreover, Defendant's argument that Plaintiff could have relied on the unemployment proceeding materials is unavailing because Plaintiff is prohibited from utilizing any materials provided to, and any statements made to the Michigan Unemployment Insurance Agency ("UIA"), in this case. Any statements or representations to the Michigan UIA, as well as the UIA's determinations are privileged, confidential, and inadmissible in any court proceeding. Mich. Comp. Laws § 421.11(a)(1), (a)(1)(iii) and (a)(1)(iv); Mich. Admin. Reg. 421.10(1); *see Freeman v. Unisys Corp.*, 870 F.Supp. 169 (E.D. Mich. 1994); *Paschke v. Retool Industries*, 445 Mich. 502, 518 (1994).

It is also not the plaintiff's obligation to "chase down" the defendant by filing a motion to compel in order to get the defendant to provide discovery; rather it is the defendant's obligation, in the first instance, to provide answers to the discovery requests and as such the entry of default is a proper remedy even in the absence of a motion to compel. *See Harrington v. City of Chicago*, 433 F.3d 542 (7th Cir. 2006); *Vigilant Insurance v. East Greenwich Oil Co.*, 234 F.R.D. 20 (D.R.I. 2006); *Lithonia Chiropractic Clinic v. Peters*, 154 B.R. 610 (N.D. Ga. 1993).

**3**

Defendant acknowledges that the Court's order re-entering a default noted that Defendant had constructive, but not direct, notice that entry of a default was a possible discovery sanction. Defendant, however, contends that it should have instead been given direct notice through a Court order that further noncompliance may result in entry of a default. Although the Court may have expressed displeasure with Defendant's conduct when the original default was set aside, Defendant contends that this was insufficient to put it on notice that a future failure to timely answer discovery requests could lead to re-entry of a default.

Plaintiff emphasizes that the Court is not required to expressly or explicitly warn a party that default or dismissal may be imposed as a sanction for continued violations of the party's discovery obligations before the sanction of default or dismissal may be imposed. *Otis v. City of Chicago*, 29 F.3d 1159, 1168 (7th Cir. 1994); *FDIC v. Daily*, 973 F.2d 1525, 1532 (10th Cir. 1992). Fed. R. Civ. P. 37(b) and (d) already place all litigants on notice that a failure to comply with discovery obligations can result in the entry of default and/or dismissal of claims as a sanction, even in the absence of a prior court order. No "warning shot" is required. *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996).

**4**

Finally, Defendant contends that monetary sanctions could have been imposed instead of re-entry of a default. Instead, the Court relied on what Defendant characterizes as a "mirage" constructed by Plaintiff that Defendant has consistently defied the deadlines in the case. Defendant believes that a less serious sanction would have been more appropriate because it has not disobeyed any direct order and did provide the requested discovery responses before the ruling on Plaintiff's

motion for re-entry of default. Because the Court used re-entry of a default as a sanction of first instance, rather than one of last resort, the defect requiring setting aside the second default is apparent.

Plaintiff responds that the Court is not bound to impose a lesser sanction than a default just because a lesser sanction is available. *Beil v. Lakewood Engineering & Mfg.*, 15 F.3d 546, 552 (6th Cir. 1994). Defendant claims that an extension of discovery would have sufficed as a sanction but extending discovery would not be a sanction; it would be an accommodation of Defendant's delay in providing discovery responses. The Court not only has the authority, but the responsibility to set and enforce reasonable deadlines. *Lowe's Home Centers, Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002). Extending discovery to accommodate Defendant would thus only serve as a delay of an already overdue adjudication of the case.

**B**

Defendant's motion for reconsideration only addresses the issues previously ruled upon by the Court. No new issues are raised. In addition, Defendant's arguments in its motion for reconsideration are arguments that could have been advanced in response to the original motion. Defendant cannot utilize a motion for reconsideration as a vehicle with which to obtain an initial consideration of the issues raised in Plaintiff's original motion. *See Sault St. Marie Tribe of Chippewa Indians*, 146 F.3d at 374; *Scottsdale Ins. Co.*, 513 F.3d at 553. Defendant contends that it would have raised its arguments if oral arguments on Plaintiff's motion for re-entry of default had not been cancelled. However, E.D. Mich. Local Rule 7.1(f) places all parties on notice that motions may be decided on the briefs alone, and that oral arguments may not be held. Counsel for Defendant acknowledged that the Court frequently cancels oral arguments if the parties' papers are sufficiently

in order to provide a written decision. [Dkt. #30 Ex. A]. Defendant nonetheless chose not to respond to Plaintiff's motion for re-entry of default. Defendant's motion for reconsideration will be denied because it merely advances arguments that could have been provided for initial consideration in response to Plaintiff's motion for re-entry of default.

### III

Plaintiff filed a memorandum regarding damages on August 10, 2011, addressing the general legal authority for recovering wage loss and compensatory damages, interest, and attorney fees. Defendant has not yet filed a response, but will be permitted to file a response to Plaintiff's memorandum on or before September 16, 2011. Additionally, Plaintiff's memorandum does not address the law governing causation and damages in sexual harassment cases where a plaintiff alleges "male on male" sexual harassment and in cases advanced by a Caucasian plaintiff alleging racial discrimination by a defendant's Caucasian agents or employees. Further explanation and briefing on these issues would assist the Court.

### IV

Accordingly, it is **ORDERED** that Defendant's motion for reconsideration [Dkt. # 28] is **DENIED**.

It is further **ORDERED** that Defendant may file a response to Plaintiff's memorandum regarding damages on or before **September 16, 2011.**

It is further **ORDERED** that both parties are **DIRECTED** to file supplemental briefing addressing the law governing causation and damages in sexual harassment cases where a plaintiff alleges "male on male" sexual harassment and in cases advanced by a Caucasian plaintiff alleging racial discrimination by a defendant's Caucasian agents or employees on or before **September 30,**

**2011.**

                                        s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge

Dated: September 8, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 8, 2011.

                              s/Tracy A. Jacobs
                              TRACY A. JACOBS